661 S.E.2d 60

**In the Matter of James C. SEXTON, Jr., Respondent.**

**No. 26472.**

Supreme Court of South Carolina.

Submitted March 25, 2008.
Decided April 21, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard of Law Offices of Desa Ballard, PA, of West Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE.[1] Respondent requests that, if the Court imposes a period of suspension or disbarment, that the sanction be made retroactive to the date of his interim suspension, March 22, 2005. *See In the Matter of Sexton,* 363 S.C. 413, 611 S.E.2d 250 (2005). We accept the agreement and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. The facts, as set forth in the agreement, are as follows.

## *FACTS*

On or about July 22, 2003, respondent was indicted on eleven (11) counts of mail fraud, two (2) counts of wire fraud, and one (1) count of conspiracy to commit money laundering in the United States District Court for the Central District of California.[2] After six weeks of jury trial, respondent pled guilty in March 2005 to four (4) counts of mail fraud and one (1) count of conspiracy to commit money laundering. The guilty plea was made pursuant to a plea agreement which provided for respondent's cooperation and contemplated that respondent would testify against his co-defendant father, James Carroll Sexton, Sr. Respondent's guilty plea immediately precipitated the open guilty plea to all counts by respondent's father.

---

1. Respondent's Motion for Requirement of Submission of Briefs and Motion for Oral Argument are denied.

2. The acts giving rise to respondent's criminal conduct occurred prior to his admission to the practice of law on March 13, 2002.

Respondent was sentenced to imprisonment for twenty-one (21) months and, upon release, supervised release for a term of three (3) years. In addition, respondent was ordered to pay 15% of the ordered restitution in the total amount of $6,833,683.

Over the year following his guilty plea, respondent provided significant cooperation to the government with its continuing investigation and prosecution of other defendants. As a result, the United States moved for an order reducing respondent's sentence. On October 23, 2006, respondent's term of imprisonment was commuted to a term of five (5) years probation, one hundred (100) hours of community service, and payment of restitution.

Respondent represents that the United States has agreed in principal to apply the amount recovered in a subsequent forfeiture matter to the entire amount of restitution owed by respondent. Respondent anticipates his restitution being made and his probation terminated on this basis, but the forfeiture proceeding had not occurred at the time the parties' submitted the Agreement for Discipline by Consent.

Respondent has fully cooperated with the Office of Disciplinary Counsel's investigation into this matter.

## *LAW*

■ Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it is a ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(4) (it is a ground for discipline for lawyer to be convicted of a crime of

moral turpitude or a serious crime); and Rule 7(a)(5) (it is a ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### *CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent, retroactive to the date of his interim suspension. *In the Matter of Sexton, supra.* Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.